| | |
|---|---|
| **State of Minnesota** | **District Court** |
| **County of: HENNEPIN** | **FOURTH Judicial District** |

| | |
|---|---|
| AKEEM SOBOYEDE, | Court File Number: _____ |
| Plaintiff, | Case Type: EMPLOYMENT DISCRIMINATION |
| vs. | |
| KLDISCOVERY, | **Summons** |
| Defendant. | |

THIS SUMMONS IS DIRECTED TO:  **KLDISCOVERY**



1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at: **8400 NORMANDALE LAKE BOULEVARD, SUITE 920, MINNEAPOLIS, MINNESOTA 55437.**

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for

**EXHIBIT A**

the relief requested in the complaint.

**5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

**6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

_____             ___09/17/2020___
Plaintiff's attorney's signature                              Dated


___AKEEM ADEBAYO SOBOYEDE___
Print or type plaintiff's attorney's name

STATE OF MINNESOTA  FOURTH JUDICIAL DISTRICT
COUNTY OF HENNEPIN  DISTRICT COURT
　　　　　　　　　　　　　　　　CASE TYPE: EMPLOYMENT
　　　　　　　　　　　　　　　　　　　　　　　　DISCRIMINATION
　　　　　　　　　　　　　　　　FILE NUMBER:

AKEEM ADEBAYO SOBOYEDE
　　　PLAINTIFF

　　　　　　　　　　　　　　　　**AMENDED COMPLAINT**
　　　　　　　　　　　　　　　　JURY TRIAL DEMANDED
VS.


KLDISCOVERY
　　　DEFENDANT

---

Plaintiff, Akeem Adebayo Soboyede, for his Complaint against Defendant, KLDiscovery, states and alleges as follows:

### NATURE OF THE ACTION

1. Defendant KLDiscovery and its agents discriminated against and wrongfully deprived Plaintiff of employment in violation of the Minnesota Human Rights Act (*hereinafter* MHRA) §363A.08, *Subd.* 2 (1); Minn. Stat. § 363A, et seq., Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e *et. seq.*); 42 U.S.C. §§ 1981 and 42 U.S.C. §1982

2. Defendant KLDiscovery retaliated or engaged in reprisal against the Plaintiff after he engaged in protected employment-related activity, in violation of Minn. Stat. §363A.15 (1) and Title VII of the Civil Rights Act of 1964 (42 U.S.C. 2000e *et. seq.*), as amended Title VII of the Civil Rights; 42 U.S.C. §§ 1981 and 42 U.S.C. §1982

1

## PARTIES

3. Plaintiff Akeem Soboyede (*hereinafter* "Plaintiff"), is a male and resides in the state of Minnesota within jurisdiction of this Court. Plaintiff is a dual-national of both the United States and Nigeria. Plaintiff was not born in the United States. Plaintiff is a "party in interest" within the meaning of the Minnesota Human Rights Act (MHRA) and Title VII of the Civil Rights Act of 1964 (42 U.S.C. 2000e *et. seq.*), as amended

4. Defendant KLDiscovery (*hereinafter* "Defendant") is a corporation that does business under the laws of the State of Minnesota and has a sizeable physical presence in the state; Defendant provides electronic discovery (or "e-discovery) management services to law firms, corporations and government agencies. Defendant is an "employer" within the meaning of the Minnesota Human Rights Act (MHRA) and Title VII of the Civil Rights Act of 1964 (42 U.S.C. 2000e *et. seq.*), as amended

## JURISDICTION

5. This Honorable Court has jurisdiction by virtue of Minn. Stat. §363A.33, *Subd.* 6, since it is within the County where the unlawful discriminatory practice being alleged occurred.

## VENUE

6. Venue in the Hennepin County District Court is proper pursuant to Minn. Stat. §363A.33, *Subd.* 6 because the cause of action or some part thereof arose in the City of Eden Prairie, within jurisdiction and also because the Defendant carries on business within the state of Minnesota and has offices in the state. This action also arises under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e *et. seq.*), as amended, and the Civil Rights Act of 1866, 42 U.S.C. § 1981 *et. seq.*

## ADMINISTRATIVE CHARGE AND PROCEEDINGS

7. Plaintiff timely filed charges of national origin discrimination with the Minnesota Department of Human Rights (MDHR). Plaintiff's charge asserted that Defendant KLDiscovery illegally discriminated against Plaintiff and also engaged in reprisal actions against him. The MDHR later brought a supplemental charge of Reprisal against the Plaintiff

8. The parties have exhausted administrative and the MDHR issued Plaintiff a Right-to-Sue Letter, dated June 22, 2020

## FACTS

9. The Plaintiff is a licensed attorney in the state of Minnesota (*since 2006*) and also in the District of Columbia (*Washington, DC, since 2008*). After graduating from Law School and qualifying as an attorney, Plaintiff has performed document review work in both jurisdictions (*in Minnesota and Washington, DC*).

10. Based on the twin criteria of Plaintiff's many years of experience doing document review work and the many document review projects in which he has participated (*since at least 2007*), he (*Plaintiff*) can be considered very well versed in the task of legal document review work. That task (*legal document review work*) is not considered a specialized area of legal practice and can be performed by almost anyone with a law degree; in fact, being licensed as an attorney is often not a requirement to perform legal document review work

## CLAIM I: NATIONAL ORIGIN DISCRIMINATION

11. The Plaintiff first interviewed for a legal document review project position with a staff of Defendant KLDiscovery, one Ardith Denzer, at the Eden Prairie, Minnesota business location / premises of the Defendant in August 2014. During that interview, Ms. Denzer had casually asked about the "origin" of what she described as the

3

Plaintiff's "accent" (*implying she knew he was not a natural-born American citizen*) and which country the Plaintiff was "originally from". The Plaintiff had politely answered Ms. Denzer's enquiries in this regard.

12. Subsequent to this interview, Plaintiff was never placed on *any* of the legal document review project positions which the Defendant sought to fill, from August 2014 till July 2017. This was despite the fact that the Plaintiff applied for such positions through the routes (*usually through submitting an online application*) specified by Respondent.

13. Also within that time-frame (*August 2014 to July 2017, a period of close to three years*), the Plaintiff routinely contacted and made his availability for contingent legal document review project positions known to Defendant KLDiscovery, especially through the individual----Ms. Ardith Denzer---who first interviewed Plaintiff for that role with the Defendant KLDiscovery. The latter (*Ms. Denzer*) always responded that Defendant KLDiscovery had no such projects available or that was being staffed on which it could place the Plaintiff. This was despite the fact that Defendant KLDiscovery, during this same period, advertised literally hundreds of opportunities for attorney document review work in Eden Prairie, Minnesota and Washington, DC (*the District of Columbia*), which are the two jurisdictions the Plaintiff is licensed to practice law in the United States and wherein he (*the Plaintiff*) had the experience and knowledge to perform legal document review work.

14. Even more, Defendant KLDiscovery, despite evidence to the contrary, claimed it had no record of any further correspondence between the Plaintiff and Ms. Denzer or any of its other Human Resources staff, wherein the Plaintiff enquired about employment opportunities, from the time Plaintiff was initially interviewed by Respondent's HR staff in August 2014 to the time in July 2017 when, yet again, Plaintiff contacted Defendant KLDiscovery via email correspondence for possible placement on a legal document review project

## CLAIM II: REPRISAL / RETALIATION

15. In July 2017, Plaintiff informed another recruiter with Defendant KLDiscovery (*aside from Ms. Ardith Denzer*) of the fact that he had not been offered a document review position with the company (*Defendant KLDiscovery*) since he had been seeking one from August 2014 and that he was planning to file a charge / complaint with the relevant state (*Minnesota*) and federal employment discrimination enforcement bodies. A few days later Defendant KLDiscovery caused to be offered Plaintiff a place on a project its employees / agents informed Plaintiff would last "at least two weeks", with the strong possibility that the Plaintiff would be "rolled over" into other projects with the Defendant, as is the customary practice within the legal document review industry

16. Instead, barely a week into the said project on which Plaintiff participated in July 2017 within the business premises of Defendant KLDiscovery, located in Eden Prairie, Minnesota, in July 2017, Defendant and its employees / agents engaged in a series of retaliatory activities meant to illegally disparage Plaintiff's ability and competence as an attorney qualified to do legal document review work, with the concurrent aim being to further pursue and reinforce the acts of employment discrimination that had ensured that for close to three years prior to July 2017, Plaintiff was not offered any legal document review work with Defendant KLDiscovery, for which he had been and remains eminently qualified, both by reasons of knowledge and experience.

17. Specifically, through the actions of its senior employees and agents, Defendant KLDiscovery severally acted with discriminatory animus to ensure the Plaintiff was discharged from the July 2017 document review project with the Defendant after Plaintiff spent only a week on the said Project, while other document review attorneys similarly-situated / qualified as the Plaintiff continued to be retained on the Project.

18. Soon after he had been hounded in and discriminatorily-discharged from the July 2017 project, which was the only legal document review project Defendant KLDiscovery had offered Plaintiff since he had first

5

sought one with the Defendant in August 2014, Plaintiff severally communicated with certain senior employees / agents of the Defendant to inform them that he would be seeking redress with state and federal employment discrimination enforcement agencies, against the Defendant, for what he (*the Plaintiff*) characterized as Defendant KLDiscovery's continuing acts of employment discrimination against him. At no time during which Plaintiff engaged in that protected activity could he (*Plaintiff*) be characterized as an employee of the Defendant KLDiscovery in any way.

19. Defendant KLDiscovery has also failed to offer any employment opportunity to the Plaintiff since July 2017, when the continuing discriminatory acts of the Defendant's employees and agents resulted in Plaintiff being forced off, after only a week, from the July 2017 legal document review project the Plaintiff had participated in on Defendant's business premises located in Eden Prairie, Minnesota. Plaintiff has sought many of such projects from the Defendant, in vain, especially in the immediate aftermath of his (*the Plaintiff*) being hounded in and forced from the July 2017 project.

20. That July 2017 legal document review project, which lasted for all of one week, remains the only project Defendant KLDiscovery ever offered Plaintiff since August 2014, when Plaintiff first interviewed for such a position with the Defendant.

**CLAIM III: PUNITIVE DAMAGES**

21. Plaintiff incorporates by reference paragraphs 7 through 18 as if fully set forth.

22. Plaintiff is black, a member of a racial minority and is not a natural-born citizen of the United States but Nigeria, where the Plaintiff was born and raised. The Plaintiff was discriminated against under the categories outlined in Minn. Stat. 363A.08, Subd. 2 (1) and within a particular group of activities set forth in 42 U.S.C. §§ 1981 and 1982, and Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e *et. seq.*)

6

23. Plaintiff avers that the Defendant and its employees and agents engaged in unfair discriminatory practices against him, with malice or reckless indifference to his employment rights protected under Minnesota and federal law.

24. Defendant's conduct contravened the provisions of Minn. Stat. § 363A, *et seq.*, and 42 U.S.C. §§ 1981 and 1982, respectively, and Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e *et. seq.*)

25. Plaintiff seeks relief under the provisions of Minn. Stat. § 363A, *et seq.*, 42 U.S.C. §§ 1981 and 42 U.S.C. § 1981, respectively, and Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e *et. seq.*)

## DAMAGES

26. The conduct of the above-named Defendant, as set forth herein, in violating Plaintiff's rights under Minn. Stat. § 363A, *et seq.*, 42 U.S.C. §§ 1981 and 42 U.S.C. § 1982, and Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e *et. seq.*) caused injuries, damages and harm to the Plaintiff, and also emotional pain, shame, humiliation, suffering, inconvenience, mental anguish, and consequential losses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Honorable Court for the following:

a. A declaration that Defendant KLDiscovery unlawfully and illegally discriminated against Plaintiff, in violation of Minn. Stat. § 363A, et seq., Title VII of the Civil Rights Acts of 1964 (42 U.S.C. §2000e *et. seq.*); 42 U.S.C. §§ 1981 and 42 U.S.C. §1982

b. An Order awarding Compensatory damages for humiliation, pain, suffering and mental anguish;

c. An Order awarding Plaintiff's costs and disbursements herein, including reasonable attorneys' fees, and

d. Such further relief as the Court deems just and equitable

**JURY DEMAND**: Plaintiff requests trial by jury on all questions of fact.

Dated: September 18, 2020

Akeem A. Soboyede, Esq.  (#0387038)
Akeem Soboyede Law Office, PLLC
8400 Normandale Lake Boulevard #920
Minneapolis, Minnesota 55437
(651) 497-7559